SAMUEL INSULL, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET A. INSULL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SAMUEL INSULL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 68001–68003, 68503–68505.   Promulgated April 30, 1935.

*Laurence Graves, Esq.,* and *E. J. Quinn, Esq.,* for the petitioners.
*Allin H. Pierce, Esq.,* and *Irving M. Tullar, Esq.,* for the respondent.

### SUPPLEMENTAL OPINION.

SMITH: In our opinion promulgated in the above entitled proceedings February 14, 1935, 32 B. T. A. 47, we held that the proceeds received by petitioners from the sale of rights received by the petitioners in August 1930 to subscribe for additional shares of the common capital stock of Insull Utility Investments, Inc., constituted ordinary gains and not capital net gains.

The facts bearing upon this point are fully covered in the stipulation of the parties. Insull Utility Investments, Inc., issued rights to the holders of its common and preferred stock of record on August 30, 1930, to subscribe for its common stock at $50 per share on and prior to September 15, 1930. In accordance with this action

the petitioners herein received rights on stock held in most instances for a period of more than two years prior to the date of the issuance of the rights. The petitioners did not exercise the rights, but on September 13, 1930, exchanged them for common stock of the Corporation Securities Co., which at that date had a stipulated value of $23 per share. The petitioners and the respondent have treated this exchange as the equivalent of a sale. The question for decision by the Board was whether the proceeds from the exchange or sale of the rights constituted capital gain or ordinary income.

In our opinion we sustained the contention of the respondent that the gains were ordinary income. Our opinion was rested upon the fact that the stipulation did not show the value of the rights at the time they were received by the petitioner.

For reasons fully set out in *Bradley W. Palmer*, 32 B. T. A. 550, we are of opinion that our holding upon this point was in error. The contention of the petitioners that the proceeds from the sale of rights upon shares of stock owned and held by the petitioners for a period of more than two years from the date of the sale of the rights is sustained.

This opinion modifies our opinion promulgated February 14, 1935, 32 B. T. A. 47.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*